**Nutovic & Associates**
*Attorneys for Debtors*
261 Madison Avenue, 26th floor
New York, New York 10016
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

          DESOTO OWNERS, LLC,

                           Debtor.
--------------------------------------------------------x

Chapter 11
Case No. 20-43387 (JMM)

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER SECTIONS 105, 363(a), 363(b), 363(f) AND 363(m) AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING THE DEBTOR TO SELL AT AN AUCTION SALE THE ESTATE'S INTEREST IN THE REAL PROPERTY COMMONLY KNOWN AS 303 301 BLVD W, BRADENTON, FLORIDA 34205; (II) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (III) APPROVING CERTAIN BIDDING PROCEDURES; AND (IV) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING; AND (IV) AUTHORIZING THE DEBTOR TO ASSUME ITS UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASE**

PLEASE TAKE NOTICE that, a hearing will be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of NewYork, 271 Cadman Plaza East, Brooklyn, New York, in Courtroom 3529, on **September 13, 2021**, **at 10:30 a.m**., Dial in Number: 888-273-3658, Access Code: 2872314, to consider the Debtors' motion seeking entry of an Order under Sections 105, 363(a), 363(b), 363(f), 363(m) and 365 of Title 11 of the United States Code and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (i) authorizing the sale of the Debtor's interest in the real property known as the Desoto Square Mall and located at 303 301 Blvd W, Bradenton, Florida 34205 (the "<u>Mall Property</u>") to the highest and best offer at public auction, free and clear of all liens, claims, encumbrances and other interests except for the Lease and Purchase Option

dated January 10, 2014 between Desoto Square Mall LLC and Hudson's Showroom Furniture Inc. (the "Hudson's Lease") with such liens, claims, encumbrances and other interests to attach to the proceeds of the sale, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and or best offer to be considered and approved by the Court; (ii) approving the sale of the Mall Property to the successful bidder at a closing to take place after the confirmation of the Debtor's Fifth Amended Plan of Liquidation and finding that the successful bidder is entitled to the protections of 11 U.S. C. §363 (m); (iii) approving the terms and conditions for submitting offers and bidding procedures; (iv) approving the form and manner of notice with respect to the auction and the hearing to consider approval of the sale (v) authorizing the Debtor to assume and assign the Hudson's Lease and (vi) granting such other and further relief as this Court deems just and proper under the circumstances (the "Motion").

PLEASE TAKE FURTHER NOTICE, that objections, if any to the relief requested in the Motion must: (i) be in writing and state with particularity the legal and factual bases supporting the objection(s); (ii) be electronically filed with the Bankruptcy Court; and (iii) be served upon Nutovic & Associates, counsel to the Debtor, 261 Madison Avenue, 26th Floor, New York, N.Y. 10016 (Attn: Isaac Nutovic, Esq.), to be received no later than September 6, 2021.

Dated: New York, New York
      August 19, 2021

                                            NUTOVIC & ASSOCIATES,
                                            Attorneys for Debtor

                                            By:  s/*Isaac Nutovic*
                                                Isaac Nutovic, Esq.
                                            261 Madison Ave, 26th Floor
                                            New York, New York 10016
                                            Tel: (212) 421-9100

**Nutovic & Associates**
*Attorneys for the Debtor*
261 Madison Avenue, 26th floor
New York, New York 10016
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                           Chapter 11

DESOTO OWNERS, LLC,                                       Case No.: 20-43387 (JMM)

                                 Debtor.
-----------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER UNDER SECTIONS 105, 363(a), 363(b), 363(f) AND 363(m) AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING THE DEBTOR TO SELL AT AN AUCTION SALE THE ESTATE'S INTEREST IN THE REAL PROPERTY COMMONLY KNOWN AS 303 301 BLVD W, BRADENTON, FLORIDA 34205; (II) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (III) APPROVING CERTAIN BIDDING PROCEDURES; AND (IV) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING; AND (IV) AUTHORIZING THE DEBTOR TO ASSUME ITS UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASE**

**TO:**  **THE HONORABLE JIL MAZER-MARINO,**
        **UNITED STATES BANKRUPTCY JUDGE:**

Desoto Owners LLC ( the "Debtor"), by and through its attorneys, Nutovic & Associates, respectfully submits this motion (the "Motion") seeking an Order of this Court , substantially in the form annexed as **Exhibit A**, under Sections 105, 363(a), 363(b), 363(f), 363(m) and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the sale of the Debtor's interest in the real property known as the Desoto Square Mall and located at 303 301 Blvd W, Bradenton, Florida 34205 (the "Mall Property") to the highest and best offer at public auction, free and clear of all liens, claims, encumbrances and other interests except for the Lease and Purchase Option (the "Hudson's Lease") dated January 10, 2014 between Desoto  Square Mall

1

LLC and Hudson's Showroom Furniture Inc. ("Hudson's"); with such liens, claims, encumbrances and other interests to attach to the proceeds of the sale, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and or best offer to be considered and approved by the Court; (ii) approving the sale of the Mall Property to the successful bidder at a closing to take place after the confirmation of the Debtor's Fifth Amended Plan of Liquidation and finding that the successful bidder is entitled to the protections of 11 U.S. C. §363 (m); (iii) approving the terms and conditions for submitting offers and bidding procedures; (iv) approving the form and manner of notice with respect to the auction and the hearing to consider approval of the sale (the "Sale Hearing"); (v) authorizing the Debtor to assume its unexpired non-residential real property lease with Hudson's and (vi) granting such other and further relief as this Court deems just and proper under the circumstances, and respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408, et seq.

## STATUTORY AUTHORITY

2.     The statutory predicate for the relief sought in this Motion are Sections 105, 363(a), 363(b), 363(f), 363(m) and 365 of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the Bankruptcy Rules.

## BACKGROUND FACTS

**A.     The Bankruptcy Filing**

3.     On September 22, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code

4.     The Debtor continues to manage and operate its business as debtor in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.     **The Mall Property**

5.     The Mall Property is a 58-acre parcel and is developed by an enclosed shopping mall serving the Bradenton, Florida area.

6.     The Mall Property was purchased by the Debtor in March 2017 for $25 million.

7.     On or about April 30, 2021, the retail operations of the Mall Property ceased except that Hudson's remains on the premises in accordance with the Hudson's Lease.

8.     The Debtor, by independent valuation prepared by CBRE, Inc. (together with its agents, "CBRE"), the Debtor's proposed real estate broker, has determined that the Mall Property, sold either as an entire parcel or as several sub-divided lots, has a present market value of more than $30,000,000.00.

9.     By order dated August 10, 2021, the Debtor retained CBRE to market and auction off the estate's interest in the Mall Property.

C.     **The Judgment**

10.    As of the Petition Date, the Mall Property is encumbered by (i) various tax liens and (ii) a judgment held by TIG Romspen U.S. Master Mortgage, LP ("Romspen") in the amount of approximately $30,750,899.14. The Judgment was obtained after Romspen filed proceedings to foreclose on its mortgage on the Mall Property.

D.     **Hudson's Lease and Purchase Option**

11.    Prior to the commencement of this case, Desoto Square Mall LLC, the Debtor's predecessor, entered into the Hudson's Lease. The initial term of the Hudson's Lease was for a period of ten (10) years and expires on January 31, 2024. In addition, the Lease provides for six (6) option terms, with each term consisting of an additional five (5) years of occupancy. The Lease

also contains an option to purchase (the "Option"), which was properly exercised by Hudson pre-petition. A copy of the Lease is annexed hereto as **Exhibit "B"**. The Hudson's Lease was recorded prior to the Romspen mortgage and is recognized as superior to Romspen's mortgage interests in the Mall Property.

**E. Prior Proceedings and The Romspen Stay Relief Order.**

12. The Debtor, along with Desoto Holding LLC, previously filed and amended a reorganization plan which would have allowed for development of the Mall Property in accordance with a site plan preliminarily approved by Manatee County. The Debtor was unable to confirm that plan and filed a plan of liquidation This plan, as later amended, (the "Fifth Amended Plan") provides, *inter alia*, for the auction sale of the Mall Property and the assumption and assignment of the Mall Property to the successful bidder at the auction sale. After the liquidating plan was filed, Romspen filed a motion for relief from the automatic stay. This resulted in an order granting immediate relief as to Romspen proceeding against guarantors of the Debtor's obligations to Romspen and conditioned continuation of the stay against the Debtor and its Mall Property on the Debtor's achieving certain milestones relating to confirmation and consummation of the Liquidating Plan (the "Conditional Stay Relief Order"). The Debtor's assumption and assignment of the Hudson's Lease was another of the conditions for continuing the stay.

**REQUESTED RELIEF**

13. By this Motion, the Debtor seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto as **Exhibit A**:

    (a)    Authorizing the auction sale of the Mall Property to a purchaser making the highest and best offer at the auction;

    (b)    Approving the use of a premier online auction platform for the auction sale and other terms, conditions and procedures for the Debtor's sale of the Mall Property to such purchaser;

4

    (c)    Approving the bidding procedures set forth more fully below;

    (d)    Approving the manner and extent of notice of the auction sale, if any;

    (e)    Authorizing the Debtor to sell the Mall Property free and clear of all liens, claims, encumbrances and interests, except for the Hudson's Lease interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds;

    (f)    finding that the successful bidder is entitled the protections of 11 U.S.C. §363(m)

    (g)    Authorizing the Debtor to assume the Hudson's Lease; and

    (h)    Granting such other relief and further relief as is just and proper under the circumstances.

14. To effectuate the Sale, the Trustee seeks entry of two separate orders. The first order, seeks approval of the Bid Procedures and the terms and conditions of Sale, schedules the Auction and approves the form and manner of notice of the Auction and Sale as set forth in Exhibit A. The second order is to be submitted after the auction is conducted and prior to a hearing (the "Sale Hearing Date"), and generally seeks: (i) approval of the sale of the Mall Property to the bidder that submits the highest or best offer at Auction – the Successful Bidder (as defined in the Bid Procedures); and (ii) a finding by the Court that the Successful Bidder is a good faith purchaser entitled to the protections of Section 363(m) of the Bankruptcy Code.

15. The Conditional Stay Relief Order provides for certain benchmarks and deadlines for completion including conducting an Auction Sale commencing on October 4, 2021. To optimize marketing for the Auction Sale the Debtor seeks the entry of the Bid Procedures Order on or before September 15, 2021.

## BASIS FOR RELIEF

**Legal Standard for Section 363 Relief**

16. Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

17. Here, sound business reasons exist to justify selling the Mall Property subject to higher/better offers at an auction sale. Indeed, allowing the Debtor to proceed with the proposed sale will maximize the return to the creditors of the estate by selling the Debtor's asset which has value. The closing will take place post-confirmation and the proceeds, if any, above the allowed secured claims will be distributed in accordance with the Fifth Amended Plan.

18. Specifically, under Section 363(f) of the Bankruptcy Code, a trustee (or in this case, a debtor in possession) may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

    (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in *bona fide* dispute; or

    (5)    such entity may be compelled, in a legal or equitable

> proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

19. Since Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements shall suffice to approve the sale of the Mall Property free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991) (recognizing that Section 363(f) of the Bankruptcy Code is written in the disjunctive and holding that the court may approve a sale "free and clear" provided that at least one subsection of Section 363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (Ed. Pa. 1988).

**Legal Standard for Section 365 Relief**

20. Section 365 of the Bankruptcy Code authorizes a debtor to assume executory contracts and unexpired leases subject to the approval of the Court. The relevant provisions of section 365 provide as follows:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee —
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>>
>> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C) provides adequate assurance of future performance under such contract or lease . . . .

11 U.S.C. § 365.

21.     "Section 365 enables the trustee [or debtor in possession] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000). In the Second Circuit, as well as other jurisdictions, courts apply a business judgment standard in determining whether to approve a debtor's decision to assume an executory contract or unexpired lease. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989).

22.     Courts routinely approve motions to assume or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 is that of "business judgment"); *see also In re Sharon Steel Corp.*, 872 F.2d at 40.

## DISCUSSION

**I.      Discussion of Section 363 Relief**

    **A.      The Debtor May Sell the Mall Property Under Sections 363(f)(1) and (f)(2)**

23.     Here, Section 363(f)(1) is satisfied because if the state foreclosure sale were to take place the Mall Property could be sold free and clear of Romspen's security interest and its lien would attach to the proceeds.

24.     Also, Section 363(f)(2) is satisfied because as discussed above, Romspen has consented to the Debtor's sale of the Mall Property.

25.     Section 363(f)(3) may also be satisfied because the Debtor believes that the Mall

Property, together with the proceeds of the Option, may total more than the amount of all of the liens on the Mall Property.

26. As such, since the Debtor has satisfied the requirement and element of Sections 363(f)(1) and (2) (and possibly (f)(3)) of the Bankruptcy Code, the Court may authorize the Debtor to sell the Mall Property free and clear of all liens, claims, encumbrances and other interests.

27. It should also be noted that the Debtor has conducted a capital gains analysis and has determined that there will be no capital gains taxes on this conveyance on any sale under $45,000,000.00

28. The Debtor respectfully submits that the intended auction sale of the Mall Property is in accordance with the provisions of Section 363 of the Bankruptcy Code.

29. By virtue of the foregoing, it is respectfully requested that this Court authorize the Debtor to sell the Mall Property free and clear of all liens, claims, encumbrances and other interests, except for the Hudson's Lease, with such liens, claims, encumbrances and other interests to attach to the proceeds of sale pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code. The Mall Property shall be sold "AS IS", "WHERE IS" and "WITH ALL FAULTS". The Debtor makes no representations whatsoever as to the status or condition of the Mall Property. The Mall Property shall be sold and delivered subject to the Hudson's Lease.

30. The Hudson's Lease will require subdividing the Mall Property. In addition to the sub-division of the Mall Property subject to the Option, the Debtor, in consultation with CBRE and Romspen, may seek to sub-divide other portions of the Mall Property. In the event the Debtor decides to take such actions, the bidders shall be advised of the proposed sub-divisions of the auction at least 10 days prior to the auction date. If the Mall Property is subdivided, the Mall Property will first be auctioned as one Mall Property then each separate parcel will be auctioned

separately. The Debtor will then accept the higher of either the bid for the entire Mall Property or the total amount bid for all of the separate parcels.

31. Romspen's credit bidding rights will not be abridged; it shall have the right to bid up to its entire secured claim on the bidding for the entire parcel. However, if Romspen is the Successful Bidder, it shall be required to pay the senior tax liens at closing. If there is an auction of separately sub-divided parcels, Romspen shall have the right to credit bid a total amount not to exceed its bid on the entire Mall Property, in any combination that it deems appropriate.

32. If Romspen is not the Successful Bidder, Romspen shall have a security interest subordinate only to unpaid real estate taxes, in the Debtor's interest in any deposit paid by the successful bidder at the auction, in the event that the bidder defaults and forfeits the deposit.

### B. Bidding Procedures

33. The Debtor proposes to auction the Mall Property through a website (the "Website") maintained by a premier online auction platform—RealINSIGHT Marketplace. Parties wishing to bid will have to register on the Website. [1]

The Debtor seeks Court approval of the bidding procedures for any party wishing to submit a bid for the Debtor's interest in the Mall Property at an auction sale to be conducted by the Debtor in the form annexed hereto as Exhibit C.

34. The Debtor maintains that the above procedures constitute appropriate bidding procedures under the facts and circumstances of this case. In order to maximize the benefit to the estate, the Debtor seeks to implement this competitive bidding process given the nature of the proposed transaction. The Debtor believes that this procedure is designed to generate a maximum

---

[1] In its proposed Bidding Procedures, the Debtor is modifying both the terms of use of the Website and their normal sale terms and conditions. Because of the time constraints imposed by the Conditional Stay Relief Order, prior to filing this motion, .the Debtor was unable to verify that CBRE and the Website will accept the modifications requested by the Debtor.

recovery to the estate, while serving to prevent frivolous bidding, and respectfully requests that this Court approve and authorize same.

35. The Debtor requests that the Court allow it to sell the estate's interest in the Mall Property free and clear of all liens, claims, encumbrances and other interests, except for the Hudson's Lease, with such liens, claims, encumbrances and other interests attaching to the proceeds of sale in their current order, priority and validity.

### C. The Proposed Sale is in the Best Interests of the Creditors of the Estate

36.. As set forth in detail above, the Debtor believes that this proposed sale of the estate's interest in the Mall Property is in the best interest of the creditors of the Debtor's estate.

37. The Debtor believes that as the notice of the Sale Hearing and this Motion are (will) being sent to all of the parties who have thus far expressed an interest in this bankruptcy proceeding by filing a Notice of Appearance, and to all of the creditors of the estate, the Debtor believes that this will help ensure a fair and equitable bidding process to benefit the creditors of the estate.

38. To maximize bidding values, the Debtor ask that the Sale Order confer on the Successful Bidder the protections of 11 U.S.C. §363(m). At the conclusion of the Auction Sale, the Debtor will be filing (i) a supplemental statement identifying the Successful Bidder and justifying such relief and (ii) a proposed form of Sale Order.

## II. Discussion of Section 365 Relief

### A. Assumption of the Lease is a Sound Exercise of the Debtor's Business Judgment

39. Assumption and assignment of the Hudson's Lease is a sound exercise of the Debtor's business judgment that will benefit the Debtor's estate. Failure to do so will be grounds for Romspen obtaining stay relief and preventing the auction sale.

40. Accordingly, the Debtor has determined, in the exercise of its business judgment,

that it is appropriate to seek assumption of the Hudson's Lease.

## **NOTICE**

41. This Motion has been filed with the Clerk of the Court and: (i) shall be provided to: (a) the Office of the United States Trustee; (b) all parties who have filed notices of appearance in the Debtor's case; (c) all creditors; (d) parties who have filed proofs of claims; and (e) parties in interest.

42. The Debtor requests that the Court authorize the Debtor to provide notice of the Auction Sale and Sale Hearing to the same parties, in the form annexed as Exhibit D, within three business days of the entry of an order approving the Bidding Procedures.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit A: (i) authorizing the Debtor to sell the Mall Property, free and clear of all liens, claims, encumbrances and other interests with liens to attach to the sale proceeds, and for other good and valuable consideration substantially in accordance with the terms and conditions to a third party having made a higher and better offer at auction; (ii) approving the terms and conditions for submitting higher or better offers; (iii) approving the form and manner of notice with respect to the auction hearing; (v) authorizing the Debtor to assume the Lease with Hudson; and (vi) granting such other, further and different relief as this Court deems just, proper and equitable under the circumstances.

Dated:  August 19, 2021
      New York, New York

                                             Nutovic &  Associates
                                             *Attorneys for the Debtor*
                                       By:__/s/*Isaac Nutovic*_____
                                              Isaac Nutovic, Esq.
                                              261 Madison Ave, 26th Floor
                                              New York, New York 10016
                                              Tel: (212) 421-9100
                                              inutovic@nutovic.com