**NUTOVIC & ASSOCIATES**
**ATTORNEYS AT LAW**
**261 MADISON AVENUE**
**26TH FLOOR**
**NEW YORK, NEW YORK 10016**

**Telephone (212) 421-9100**
**E-mail: INutovic@Nutovic.com**

October 19, 2021

Honorable Jil Mazer-Marino
U.S. Bankruptcy Court, E.D.N.Y.
Conrad B. Duberstein Courthouse
271 Cadman Plaza East
Brooklyn, NY 11201-1800

Re: Desoto Owners LLC (20-43387 (JMM)
Hearing on Motion to Approve Sale

Dear Judge Mazer-Marino:

    I write, on behalf of my firm, Nutovic & Associates, in connection with the hearing on whether to confirm the auction sale results and approve the Debtor's sale motion. My request is that approval of the sale be conditioned on payment of fees and expenses of my firm, as approved by the Court, rendered and to be rendered in connection with the sale motion, the auction and subsequent closing on the sale transaction. Romspen has refused to pay any amount towards my firm's fees not in the context of a confirmed plan.

    The proposed sale of the Debtor's property is contingent on the confirmation of the Debtor's plan. The plan cannot be confirmed unless $650,000, which was reportedly in escrow for the funding of the plan, is turned over to the Debtor. I am uncertain whether the escrowed funds or other funds will be made available by tomorrow, but I have no indication they will be. If the plan is not confirmed there will be no funds to pay for services of my firm and others[1] in connection with the sale.

    Since the legal context in which the sale motion was noticed, and is currently being presented for approval, is different than when it was filed, it is uncertain whether it meets the criteria for approval under the standards of In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983) and its progeny. My firm has provided a substantial benefit for Romspen in allowing the property to be sold earlier than it might have otherwise. I am advised that Romspen agreed it would not hold a foreclosure sale earlier than December 2, 2021 in exchange for a partial summary judgment against the guarantors.

---

[1] CBRE which similarly provided auction services which will not be paid if a plan is not confirmed, was notified early yesterday that I would be making this application. I am not authorized to make an application on their behalf.

The auction sale also identified the market for the Debtor's property and several serious bidders—some of whom made offers to Romspen even after the auction was concluded.

      As I have advised Romspen's attorneys I will abide whatever ruling the Court makes on this request and discharge my remaining fiduciary duties to the Debtor, but I believe fairness dictates that Romspen should pay my firm a relatively modest sum in the context of the transfer of a $20 million property.

      Sincerely,

      /s/*Isaac Nutovic*
      Isaac Nutovic